UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN NAVARRO GOMEZ,

Petitioner,

v.

MINGA WOFFORD, *et al*.,

Respondents.

Case No. 1:26-cv-05299 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner Juan Navarro Gomez was detained and arrested by Immigration and Customs Enforcement ("ICE") on June 5, 2026. Dkt. No. 1 ¶ 64. He argues in the instant petition for writ of habeas corpus and motion for a temporary restraining order (Dkt. No. 2), that his arrest was made in violation of 8 U.S.C. § 1357(a)(2), 8 C.F.R. § 287.3(a), the Administrative Procedure Act ("APA"), the Fourth Amendment, and due process. Dkt. No. 1 ¶¶ 65–96. Respondents oppose the request for injunctive relief, arguing that Petitioners' detention is lawful under 8 U.S.C § 1225(b)(2). Dkt. No. 7 at 1. For the reasons that follow, the Court GRANTS the petition and resolves the motion for a temporary restraining order as moot.[1]

## I. BACKGROUND

Records submitted by Respondents indicate that Petitioner attempted to enter the United

[1] On July 10, 2026, the Court set an expedited briefing schedule on the motion for a temporary restraining order in which it directed Respondents to state whether it opposed the conversion of a temporary restraining order to a preliminary injunction. Dkt. No. 5. Respondents informed the Court that they did not oppose the conversion, and indeed would not oppose the Court ruling directly on the underlying petition. *See* Dkt. No. 7 at 1 ("Respondents do not oppose the Court ruling on the underlying habeas petition without further briefing."). To save judicial and party resources, the Court enters an order directly on the petition.

States on several occasions in 2021, but voluntarily returned to Mexico each time after being arrested by U.S. Border Patrol. *See* Dkt. No. 7 at 6. He entered again in 2023 and has lived in the United States since then working as a warehouse worker. Dkt. No. 1 ¶ 63. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") on June 5, 2026 while driving his truck. *Id*. ¶ 64. He alleges that he was not presented with a warrant at the time of arrest; an allegation which Respondents do not dispute in their response. *See id*. ¶ 95. Indeed, records submitted by Respondents do not indicate that a warrant was ever issued. Petitioner was subsequently transported to the Mesa Verde detention center where he remains detained. *Id*. ¶ 3. The instant petition and motion for a temporary restraining order followed.

## II. DISCUSSION

As an initial matter, the Court rejects Respondents' sole argument that Petitioners' detention is lawful under 8 U.S.C. § 1225(b)(2). This argument has been widely rejected across this circuit, with Courts finding that § 1225(b)(2) does not apply to noncitizens arrested by immigration authorities in the interior of the United States. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *Lopez v. Raycraft*, No. 1:26-CV-68, 2026 WL 900063, at *6–7 (S.D. Ohio Apr. 2, 2026) (noting that an overwhelming majority of district courts have rejected the application of § 1225(b) to noncitizens arrested by immigration authorities in the interior of the country). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

Accordingly, the Court finds that Petitioner is not subject to mandatory detention under § 1225(b)(2). Rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that statute.

Turning next to Petitioners' warrantless arrest claim and violation of the INA,[2] § 1226 of the INA—the relevant detention provision for the instant case—provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Per 8 C.F.R. § 236.1(b)(1), a noncitizen may only be arrested and detained pursuant to the Form I-200 Administrative Warrant if it is issued by an authorized official:

> At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest. A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter.

8 C.F.R. § 236.1(b)(1).

Immigration officers are authorized to make warrantless arrests in limited circumstances. These include when a noncitizen is "entering or attempting to enter the United States in violation of any law or regulation … regulating the admission, exclusion, expulsion, or removal of aliens," or when an officer has reason to believe (i) the noncitizen is in the United States in violation of such laws or regulations and (ii) the noncitizen is likely to "escape" before an arrest warrant can be obtained. 8 U.S.C. § 1357(a)(2); *see also* 8 U.S.C. §§ 1357(a)(4) – (5) (providing other circumstances that justify warrantless arrest).

Petitioner's arrest and subsequent detention was unlawful because it was made without a warrant, and no exceptions for a warrantless arrest under §1357(a)(2) applied. *See* Dkt. No. 1 ¶¶ 20–23. Indeed, Respondents do not dispute that Petitioner's arrest were warrantless, nor have they made any argument that Petitioner's arrest fell into one of the enumerated warrantless arrest exceptions. The record in fact reflects that no warrant for Petitioner's arrest was ever issued. As

---

[2] Petitioner also brings claims for violation of the due process clause (counts 1, 2), violation of the Administrative Procedures Act (count 4), and violation of the Fourth Amendment. As Petitioner's claim for violation of 8 U.S.C. §1357(a)(2) and violation of the INA (counts 3, 6) affords him the relief he seeks—i.e., release from detention—the Court need not consider his remaining claims for relief.

"[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)[,]" unless an exception applies, "a noncitizen may not be arrested and detained under section 1226(a)" without one. *Sergio P. v. Bondi*, No. 26-CV-1538 (ECT/DTS), 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (cleaned up); *see also Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *4 (D. Nev. Apr. 6, 2026) (warrantless arrest of noncitizen was unlawful). Given that Respondents failed to follow the procedures authorizing detention under § 1226(a), Petitioners' current detentions are "divorced from a finding of probable cause," and release is warranted. *Romero-Perez v. Blanche*, No. 2:26-CV-01708-RFB-BNW, 2026 WL 1724752, at *3 (D. Nev. June 15, 2026); *Mayen v. Warden, California City Det. Ctr.*, No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering release where Petitioner's arrest was warrantless).

## III. CONCLUSION AND ORDER

Based on the foregoing, the petition for writ of habeas corpus is GRANTED. Respondents are ordered to immediately release Petitioner Juan Navarro Gomez from custody. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This order does not address the circumstances under which the Government may detain Petitioner pursuant to a final order of removal.

**IT IS SO ORDERED.**

Dated: July 16, 2026

VINCE CHHABRIA
United States District Judge